MABEL E. WALKER, complainant-respondent,

*v.*

CHARLES H. WALKER et al., defendants, CHARLES H. WALKER, appellant.

[Submitted February 4th, 1947.   Decided May 15th, 1947.]

*Mr. Charles H. Walker, pro se,* for the appellant.

*Messrs. Kanter & Kanter (Mr. Elias A. Kanter,* of counsel), for the respondent.

PER CURIAM.

The appellant and respondent are husband and wife who live separate and apart under a final decree for separate maintenance awarded to the respondent on April 26th, 1938. On July 12th, 1938, an order was entered in this suit which, among other things, directed the husband to pay the wife $20 per week from April 29th, 1938, until further order of the court.   Both the decree and order were made upon the advice of Advisory Master Grossman.   On June 12th, 1946,

the wife applied for an increase in alimony; an order to show cause issued which was returnable at the Union County court house in Elizabeth on July 9th, 1946, and on the return day the husband filed an answering affidavit and was represented by a solicitor. The order under appeal, dated July 9th, 1946, was thereupon entered on the advice of Advisory Master Grossman. The order requires the appellant to appear before a master of the court for cross-examination; requires appellant to produce certain books, papers and records, and continues the hearing on the determination of the order to show cause.

Appellant's sole contention is that he is aggrieved in "that the said order decrees that the defendant account before an advisory master sitting in Essex County whereas the defendant and property involved are in Monmouth County; upon the ground that same is erroneous in that it violates the vicinage rule of said court known as Rule 128 par. G." Advisory Master Grossman who advised the order under appeal had also advised the final decree and the order fixing alimony. See Chancery rule 135. The respondent resides in the Township of Union, Union County, above five miles from the Union County court house; the appellant resides in Avon, Monmouth County. Passing without deciding, the question whether a breach of the vicinage rule can in any case operate to invalidate an order such as the order under appeal, there was no breach of the rule in this case. In addition, the appellant, on the return day of the order to show cause, filed his answering affidavit and was represented by a solicitor, and under these circumstances may not, on appeal, for the first time raise the objection that the vicinage rule was violated. See *Traudt* v. *Traudt, 116 N. J. Eq. 75.*

The order under appeal is affirmed, with costs, and a counsel fee of $150 is allowed to respondent's solicitor.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 14.

*For reversal*—None.